# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

CARLOS RODRIGUEZ,

                            Petitioner,

   v.

                                                  9:14-CV-1274

JOSEPH T. SMITH, Superintendent                     (BKS/ATB)

                            Respondent.

CARLOS RODRIGUEZ, Petitioner Pro Se
PRISCILLA I. STEWARD, Ass't Att'y Gen., for Respondent

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Brenda K. Sannes, United States District Judge, pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. Local Rule 72.3(c).

Petitioner, incarcerated at Shawangunk Correctional Facility, filed the instant habeas corpus petition, pursuant to 28 U.S.C. § 2254, on October 20, 2014. (Dkt. No. 1). Petitioner argues that the New York State Department of Corrections and Community Supervision ("DOCCS") has improperly calculated his sentences for two separate state convictions that run consecutively. (Pet. at 1-2; Pet. Mem. of Law at 2-4 (Dkt. No. 1-1)).

Respondent has filed an answer and memorandum of law, together with the applicable state court record. (Dkt. No. 6, 7). Respondent argues for denial of the petition, claiming that the petition is untimely, and in the alternative, that petitioner's claim is meritless. For the following reasons, this court will recommend dismissal.

# DISCUSSION

I. <u>**Relevant Facts and Procedural History**</u>

   A. **State Court Convictions**

Petitioner's incarceration arises from two judgments of conviction. On March 11, 1988, petitioner was convicted in New York County Supreme Court for Manslaughter in the First Degree, Robbery in the First Degree, and Criminal Possession of a Controlled Substance in the Third Degree. (SR 16-18). The petitioner was sentenced to indeterminate prison terms of 8 1/3 to 25 years for the manslaughter conviction, 12 ½ to 25 years for the robbery conviction, and 5 to 15 years for the drug possession conviction. (*Id.*). The court ordered that the manslaughter and robbery sentences would run concurrently, but that the drug sentence would run consecutive. Based on the governing provisions of the New York Penal Law, petitioner's aggregate prison term for these convictions was reduced to a term of 15 to 30 years. (SR 44).

On March 23, 1999, petitioner was convicted in Westchester County Court for Murder in the Second Degree after stabbing an inmate to death during an altercation at Sing Sing Correctional Facility. (SR 14). The court sentenced petitioner to an indeterminate prison term of 25 years to life, to run consecutively with his 1988 sentence. (*Id.*). On October 10, 2006, the Appellate Division, Second Department modified this judgment by reducing petitioner's conviction to manslaughter in the second degree. *People v. Rodriguez*, 33 A.D.3d 730, 732, 826 N.Y.S.2d 271, 271 (2d Dep't 2006). On February 13, 2007, the Westchester County Court resentenced petitioner to an indeterminate prison term of 7 ½ to 15 years, to run "consecutively to

the sentence defendant is presently serving." (SR 22).

B.     **Sentence Calculation and Administrative Appeal**

On or about December 5, 2008, DOCCS provided petitioner with a computation of his aggregate prison term. (SR 26). DOCCS calculated petitioner's Parole Eligibility Date as July 4, 2009, his earliest Conditional Release Date as January 4, 2017, and his Maximum Sentence Expiration Date as January 4, 2032. (*Id.*). DOCCS based its calculation on petitioner's sentence for his 1999 conviction, as modified in 2007, running consecutively to the sentences for his 1988 convictions.

On October 31, 2012, petitioner filed a grievance complaint at the Shawangunk Facility challenging the calculation of his sentences. (SR 28). Petitioner argued that New York Penal Law required that the sentence for his 1999 manslaughter conviction commence and expire during the 15 to 30 year term of his original 1988 sentence. (*Id.*). The facility denied the grievance on December 5, 2012, and advised that petitioner's sentence had been calculated by DOCCS Central Office, and that any inquiry must be directed to their attention. (SR 30).

While the Shawangunk grievance was still pending, petitioner requested that the DOCCS Office of Sentencing and Review adjust his sentence to correct the perceived error. (SR 32). In his November 16, 2012 letter request, petitioner set out his interpretation of the applicable Penal Law provisions[1], and concluded that while the Westchester County Court had announced that his manslaughter sentence was to run

---

[1] Petitioner asserted that when he had been housed at the Clinton Correctional Facility, he had been provided a calculation that supported his interpretation, but that he no longer had this document in his possession. (SR 5).

3

consecutively to the original sentence for the 1988 convictions, such sentences actually ran "parallel." (SR 33). According to petitioner's calculation, this manslaughter sentence commenced on March 23, 1999, the date of his conviction, and thus would expire no later than March 2014. Therefore, petitioner concluded that he should be released no later than January 4, 2017, when the maximum thirty year term for his 1988 convictions was set to expire. (SR 33).

In a letter dated January 17, 2013, Richard de Simone, Associate Counsel in Charge of Sentencing Review for DOCCS, responded to petitioner's recalculation request. (SR 115). Mr. de Simone advised petitioner that his release dates had been calculated correctly in accordance with the applicable provisions of the Penal Law.

### C. State Habeas Proceeding and Appeals

On January 29, 2013, petitioner sought habeas corpus relief under New York State law in Ulster County Supreme Court. (SR 1-33). He raised the same claims as his administrative grievances, arguing that the sentence for his 1997 manslaughter conviction ran "parallel" to the fifteen to thirty year sentence that he was already serving, despite the language in the sentencing order that the sentences were to run consecutively. (SR 7-10). Petitioner contended that this miscalculation violated both state law and his constitutional due process rights. (*Id.*). Respondent opposed the state court petition, arguing that petitioner was procedurally barred from bringing a habeas petition, and that his claims were meritless. (SR 35-58).

On March 9, 2013, Justice James Gilpatric dismissed the petition and concluded that petitioner's sentence was calculated correctly. (SR 59-62). Applying the New

4

York Penal Law, Justice Gilpatric concluded that DOCCS was required to add the minimum period of the 2007 re-sentence to the aggregate minimum period of the 1988 sentences, and the maximum term of the 2007 re-sentence to the aggregate maximum term of the 1988 sentences. To do otherwise would contradict state law and the sentencing court's order that the 1997 sentence be served consecutively. (SR 61-62). In addition, Justice Gilpatric concluded that state habeas relief was not available, because petitioner would not have been eligible for immediate release if the petition were granted. (SR 62).

Petitioner appealed this dismissal to the Appellate Division, Third Department, again arguing that his sentences must be served parallel to each other. (SR 63-84). On February 6, 2014, the Appellate Division affirmed the judgment of the Ulster County Supreme Court without opinion. (SR 142-44). On May 8, 2014, the New York Court of Appeals denied petitioner's motion for leave to appeal. (SR 169-71). A subsequent petition for writ of certiorari to the United States Supreme Court was denied on October 6, 2014. (SR 202).

### D. The Federal Habeas Petition

In his pro se habeas petition filed October 20, 2014, petitioner argues that: (1) his multiple sentences cannot run consecutively; and (2) his sentences commence on different dates, and thus cannot be concurrent or consecutive, but must run parallel to each other. (Pet. at 1-6). Respondent argues that in addition to raising meritless claims, this petition is untimely, and raises a state law question that is not cognizable in a federal habeas proceeding.

5

Petitioner filed a traverse on February 11, 2015. Petitioner contends that he did not discover the alleged error in his sentence calculation until 2012, and then promptly commenced administrative and state habeas actions. (Dkt. No. 10, Traverse at 1-2). Petitioner further argues that the miscalculation of his prison sentences, along with the consistent misinterpretation of state penal law by the New York courts, raise substantive constitutional concerns which may be redressed in a federal habeas corpus petition. (*Id*. at 5-14). For the reasons set forth below, this court concludes that petitioner's claims are barred by the applicable one year statute of limitations and only raise state law issues not cognizable in a federal habeas corpus proceeding.

## II. <u>Statute of Limitations</u>

### A. **Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* § 2244(d)(1) (A). If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal.[2] *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001).

---

[2] The ninety-day time period is the time that a petitioner would have to seek direct review of his conviction in the United States Supreme Court and must be counted for purposes of the AEDPA statute of limitations. *Williams v. Artuz*, 237 F.3d at 150 51 (discussing the statutory requirement that the statute of limitations begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review")

6

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized *and* made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B), (C), and (D). In *Duncan v. Walker*, 533 U.S. 167, 179 (2001), the Supreme Court stated that this statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."

The AEDPA provides that the one year limitations period will be tolled while a "properly filed" state court post-conviction motion is pending. 28 U.S.C. § 2244(d)(2). The tolling provision only applies if the post-conviction motion was "properly filed" and if it was pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.2d 13, 16 (2d Cir. 2000). Simply filing a post-conviction motion does not re-start the limitations period, and it excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120–21 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000).

Although the AEDPA does not provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in

---

(citing 28 U.S.C. § 2244(d)(1)(A)).

"extraordinary circumstances," the court may equitably toll the limitations period. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). The Second Circuit has also determined that courts should consider a claim of "actual innocence" as a basis for excusing late filing under the AEDPA. *See Rivas v. Fischer*, 687 F.3d 514, 548 (2d Cir. 2012).

### B. Application

Petitioner raises two overlapping arguments regarding his sentence calculation. Petitioner first argues, based on his interpretation of the New York Penal Law, that the Westchester County Supreme Court was precluded from ordering the sentence for his 1997 manslaughter conviction to run consecutive to his 1988 sentence for manslaughter, robbery, and drug possession. (Pet. at 2, 5-6). Petitioner's second and related argument is that DOCCS miscalculated his aggregate sentence by setting his 1997 sentence to run after the completion of his 1988 sentence. (Pet. at 6).

Given the nature of petitioner's sentencing claim, the one year statute of limitations begins to run from the date on which petitioner could have discovered the factual predicate for his claim through the exercise of due diligence. *See Roache v. Connell*, No. 9:09-CV-1302 (FJS), 2012 WL 589670, at *5 (N.D.N.Y. 2012), After his 1997 second degree murder conviction was modified to manslaughter, petitioner was resentenced on March 9, 2007. (SR 22). The court's sentencing order provided that the

8

7 ½ to 15 year sentence would run "consecutively to the sentence defendant is presently serving." (*Id.*). Petitioner also received written notice of his sentence calculation from DOCCS on or about December 5, 2008, in a report that showed his conditional release date as January 4, 2017 and the maximum expiration date for his aggregate sentence as January 4, 2032. (SR 26).

Even if Petitioner did not realize the implications of the March 9, 2007 sentencing order, he was aware of the DOCCS calculation of his sentence as early as December 2008. Therefore, Petitioner was on notice of the factual predicate of his claim since at least 2008, and the claims were discoverable through the exercise of due diligence at least five years before he filed his petition. *Roache*, 2012 WL 589670, at *5 (petition was time barred when DOCCS had provided time computation reflecting maximum sentence expiration date); *see also Palmer v. Phillips*, No. 05-CIV-9894 (KMW), 2007 WL 60419, at *3 (S.D.N.Y. 2007) (finding that petitioner was on notice of the factual predicate for his claim that he should have received credit for time served when DOCCS informed him of its jail-time computation). Petitioner concedes that he did not take any action in connection with his sentence until he filed an administrative grievance on November 16, 2012, and that he did not file his federal habeas petition until October 20, 2014. (Traverse at 2).

Accordingly, petitioner did not file his federal habeas petition prior to expiration of the one year statute of limitations. This court will still review all bases by which petitioner could be afforded extra time to file a federal habeas petition.

9

### 1. Statutory Tolling

Petitioner argues that he exhausted his state remedies prior to seeking federal habeas relief. (Traverse at 1). However, the mere filing of state proceedings is not enough. Petitioner is not entitled to a period of statutory tolling because he did not file any state court challenges to his conviction before the federal statute of limitations expired. Petitioner's state habeas proceeding in January 2013 did not re-start the statute of limitations because that pleading was filed more than four years after the statute expired. *Bennett v. Artuz*, 199 F.3d at 120–21. Thus, no statutory tolling is available.

### 2. Equitable Tolling

This court will also consider whether this case presents one of the "rare and exceptional circumstances" that would justify equitable tolling. In order to make this showing, petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (citation omitted). A petitioner must establish that he acted with "reasonable diligence throughout the period he seeks to toll." *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007); *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). The link of causation is broken if the person seeking equitable tolling has not exercised reasonable diligence. *Barrett v. United States*, 961 F. Supp. 2d 403, 408 (D. Conn. 2013) (citation omitted).

The statute "does not require the maximum feasible diligence, only 'due,' or reasonable, diligence." *LoCascio v. United States*, 395 F.3d 51, 55 (2d Cir. 2005)

(citing *Wims v. United States*, 225 F.3d 186, 190 n. 4 (2d Cir. 2000). "[E]ven if it was possible for a petitioner to discover facts or evidence relevant to his defense, the petitioner need not actually discover those facts or evidence to exercise due diligence so long as the petitioner reasonably pursued discovering all relevant evidence concerning his defense." *Perez v. United States*, 502 F. Supp. 2d 301, 305 (N.D.N.Y. 2006) (emphasis added).

A period of delay greater than one year normally does not demonstrate due diligence. *Morton v. Ercole*, No. 08-Civ-252, 2010 WL 890036 at *6 (S.D.N.Y. 2010) (collecting cases). As noted above, petitioner has not submitted any evidence showing that he made any effort whatsoever to pursue or investigate his sentencing claims at any point between December 5, 2008 and November 16, 2012. His only excuse for the delay is "due to the merits not being comprehensible on its face in December 2008." (Traverse at 2). Thus, there is no reason to equitably toll the statute of limitations, and this petition should be dismissed as untimely. There is also an alternative basis for dismissal of this petition that the court will discuss below.

### III. Sentencing

#### A. Legal Standard

An excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). In order to raise a constitutional claim, a petitioner must show that the trial court's sentencing decision amounted to an improper "arbitrary or capricious abuse of discretion" that deprived the petitioner of his liberty. *Herrera v.*

11

*Artuz*, 171 F. Supp. 2d 146, 151 (S.D.N.Y. 2001).

### B. Application

Petitioner claims that the imposition of consecutive sentences by Westchester County Court, and the implementation of that sentence by DOCCS violated both state law and his constitutional rights. However, there is no "constitutionally cognizable right to concurrent, rather than consecutive, sentences." *United States v. McLean*, 287 F.3d 127, 136 (2d Cir. 2002) (quoting *United States v. White*, 240 F.3d 127, 135 (2d Cir. 2001). The imposition of consecutive sentences violates the Eighth Amendment "'only under extraordinary circumstances.'" *Herrera*, 171 F. Supp.2d at 151 (quoting *Salcedo v. Artuz*, 107 F. Supp. 2d 405, 414 (S.D.N.Y. 2000)).

Petitioner has not alleged that such extraordinary circumstances exist in this case, only a disagreement over the interpretation of state law. Such claims are not redressable in a federal habeas corpus proceeding.[3] *Roache*, 2012 WL 589670 at *6; *Johnson v. New York*, 851 F.Supp.2d 713, 722 (S.D.N.Y. 2012)*; Washington v. Goord,* 07-CIV-7150, 2009 WL 3805599, at *6 (S.D.N.Y. 2009). Therefore, even if petitioner's claims were not time-barred, dismissal would still be warranted.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED;** and it is further

**RECOMMENDED**, that a certificate of appealability be **DENIED**.

---

[3] Petitioner's state law claims were evaluated by New York State courts and found to be meritless. (SR 59-62, 142-44, 169-71).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Dated: August 18, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge