UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS RODRIGUEZ,

                Petitioner,

v.                                                    9:14-CV-1274 (BKS/ATB)

JOSEPH T. SMITH, Superintendent,

                Respondent.
_____

**APPEARANCES:**

Carlos Rodriquez, Petitioner Pro Se
88-B-0742
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

For Respondent:
Hon. Eric T. Schneiderman
New York State Attorney General
Priscilla I. Steward, Esq., Assistant Attorney General
120 Broadway
New York, NY 10271

**Hon. Brenda K. Sannes, United States District Court Judge**

MEMORANDUM-DECISION AND ORDER

INTRODUCTION

      Petitioner Carlos Rodriquez, a New York State inmate, commenced this proceeding pursuant to 28 U.S.C. § 2254, arguing that the New York State Department of Corrections and Community Supervision improperly calculated his sentences to run consecutively for a 1988 judgment of conviction in New York County Supreme Court and a 1999 judgment of conviction in Westchester County Court. (Dkt. No. 1). Respondent filed an opposition to the petition on

January 20, 2015 (Dkt. No. 6), and Petitioner submitted a Traverse response on February 11, 2015. (Dkt. No. 10). This matter was referred to United States Magistrate Judge Andrew T. Baxter, who, on August 18, 2015, issued a Report-Recommendation, recommending that the petition be denied and dismissed. (Dkt. No. 11). Magistrate Judge Baxter's recommendation is based on his conclusions that: 1) the petition is time-barred by the statute of limitations; and 2) Petitioner's claims concern an interpretation of state law and are not cognizable on federal habeas review. (*Id.*, pp. 11-12).

## DISCUSSION

Petitioner filed objections to the Report-Recommendation on September 11, 2015. (Dkt. No. 14). Petitioner objects to both conclusions reached by Magistrate Judge Baxter. (*Id.*). This Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Under *de novo* review, the Court must "examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Almonte v. N.Y. State Div. of Parole*, No. 04 Civ. 484, 2006 WL 149049, at *5, 2006 U.S. Dist. LEXIS 2926, at *15 (N.D.N.Y Jan. 18, 2006) (citing *United States v. Raddatz*, 447 U.S. 667, 675 (1980)).

Upon *de novo* review, the Court accepts and adopts the Report-Recommendation in its entirety. Magistrate Judge Baxter accurately recounted the facts and procedural history of this case and employed the proper legal standards in analyzing Petitioner's claims. The record shows that Petitioner did not file his federal habeas petition prior to the expiration of the one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions under 28 U.S.C. § 2244(d)(1). Moreover, Petitioner has failed to show sufficient grounds for

2

tolling the statute of limitations. Further, as Magistrate Judge Baxter noted, Petitioner has failed to allege any basis for federal habeas relief since there is no "constitutionally cognizable right to concurrent, rather than consecutive, sentences." *United States v. McLean*, 287 F.3d 127, 136 (2d Cir. 2002) (quoting *United States v. White*, 240 F.3d 127, 135 (2d Cir. 2001)). "Thus, federal habeas courts have squarely held that claims regarding the imposition of consecutive sentences are purely a matter of state law and are not cognizable on habeas review." *Charles v. Fischer*, 516 F. Supp. 2d 210, 224 (E.D.N.Y. 2007) (citing cases) (internal quotation omitted). Therefore, even if Petitioner's claims were not time-barred, dismissal would still be warranted.

## CONCLUSION

It is therefore

**ORDERED** that the Report-Recommendation (Dkt. No. 11) is **ADOPTED** in its entirety for the reasons stated therein; and it is further

**ORDERED** that the petition (Dkt. No. 1) is **DENIED** and **DISMISSED** in its entirety; and it is further

**ORDERED** that no certificate of appealability shall issue with respect to the claims set forth in the petition; and it is further

**ORDERED** that the Clerk shall close this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Petitioner in accordance with the local rules.

**IT IS SO ORDERED.**

October 13, 2015
Syracuse, New York

Brenda K. Sannes
U.S. District Judge